IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TIMOTHY J. SAMUEL
#68020                                                                                          PLAINTIFF

V.                          NO. 4:23-cv-00678-BRW-ERE

D. GOACHER, *et al.*                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections:

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Your objections must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this Recommendation without independently reviewing the record.

### II.   Background:

*Pro se* plaintiff Timothy J. Samuel, a pre-trial detainee at the Pope County Detention Center ("Detention Center"), filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Samuel alleges that: (1) Defendant Goacher intentionally pulled his hand through the food port of his cell door causing Mr. Samuel to sustain a large laceration and cut on his left thumb; and (2) Defendants Hilson, Gregory, McDonald,

and Goacher used excessive force against him when they threw him on to the concrete floor in his cell. Mr. Samuel is currently proceeding on excessive force claims against Defendants Goacher, Hilson, McDonald, and Gregory in their individual capacity.[1]

On November 8, 2023, Defendants filed a motion for summary judgment, a supporting brief, and a statement of undisputed facts asserting that Mr. Samuel failed to fully exhaust his administrative remedies before filing this lawsuit. *Docs. 21, 22, 23*. To date, Mr. Samuel has failed to respond to Defendants' motion and the time for doing so has passed. *Doc. 24*. Accordingly, the motion is ripe for review.

For the reasons stated below, Defendants' motion for summary judgment (*Doc. 21*) should be granted.

### III. <u>Discussion</u>:

**A.     The PLRA Makes Exhaustion Mandatory**

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

[1] The Court previously dismissed Mr. Samuel's claims against Defendants in their official capacity, as well as his medical deliberate indifference and defamation claims. *Docs. 9 & 11*.

exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Samuel to satisfy the Detention Center's requirements for raising and exhausting the claims he is asserting in this lawsuit before bringing this action.[2]

To satisfy the PLRA's requirements, Mr. Samuel must fully exhaust his administrative remedies as to the specific claim he is raising against each Defendant in this lawsuit. See *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) (inadequate exhaustion when the "ADC was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" in the lawsuit); *Townsend v. Murphy*, 898 F.3d 780, 784 (8th Cir. 2018) (inadequate exhaustion when a prisoner's grievance did not contain "the specific factual allegations that would later appear in

---

[2]There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

3

his federal complaint"); *Kozohorsky v. Harmon*, 332 F.3d 1141, 1143 (8th Cir. 2003) ("[W]hen multiple prison condition claims have been joined . . . the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims.").

### B. The Detention Center's Exhaustion Policy

Defendants submit the Detention Center's Policy and Procedures Manual ("Manual") in support of their motion. *Doc. 23-4*. The Manual provides that to initiate the grievance process, an inmate must complete a request on the kiosk machine. *Id. at 3*. "The grievance shall state fully the time, date, and names of the officers and/or staff members involved and pertinent details of the incident." *Id*. That request will then be sent to the Jail Administrator, or his or her designee. The Jail Administrator, or his or her designee, will review the grievance and determine whether the complaint constitutes: "[1] a prohibited act by a detention officer or staff member[;] [2] [a] criminal act or constitutional violation[;] [or] [3] an abridgment of detainee privileges as cited in the detainee handbook." *Id*. If the grievance involves one of the above violations, "the on-duty supervisor shall notify the Jail Administrator or their designee, who [will] prompt an investigation." *Id*. A detainee "shall receive a timely response following the investigation of the grievance." *Id*.

4

### C.     Mr. Samuel's Grievance History

Defendants also submit the declaration of Pope County Sheriff Rodney Sweet in support of their motion. *Doc. 23-1*. According to Sheriff Sweet, Mr. Samuel submitted 27 requests and grievances during the time period relevant to this lawsuit. *Doc. 23-1 at 2*. However, Mr. Samuel only referenced excessive force in one his 27 grievances.

On July 14, 2023, Mr. Samuel submitted an inmate grievance complaining that Defendant McDonald and other unidentified officers lied on his "disciplinary" by stating that he was HIV positive "before they utilized excessive force upon a cell extraction to confiscate a mattress." *Doc. 23-3 at 20*. Mr. Samuel explains that he is not HIV positive, "nor [has he] ever had any history of the said virus." *Id*.

The following day, Lieutenant A. Swatzel (a non-party) responded to Mr. Samuel's grievance by stating "[a]ll necessary precautions are used when dealing with inmates that are noncompliant. Reports were written about the incident and it was handled correctly." *Id*.

The same day, Mr. Samuel filed his appeal of Lieutenant Swatzel's response by stating that he was "dissatisfied with the response due to it was specifically written in the report that {extra care would have to be taken, as I "Samuel", was known to be HIV positive}." *Id*. Mr. Samuel explains that information was false and officers slandered his name. *Id*.

5

While Mr. Samuel references Defendant McDonald's use of force in his July 14, 2023 grievance, he does not include any specific facts regarding the excessive force claim asserted against Defendant McDonald in this lawsuit. In addition, Mr. Samuel fails to include any specific facts against any other Defendant related to his pending excessive force claims. Finally, in Mr. Samuel's appeal of this grievance, he makes no reference to excessive force; rather, Mr. Samuel focuses solely on his claim that he was slandered or defamed.[3]

Mr. Samuel offers no evidence to rebut Defendants' evidentiary showing that he failed to fully exhaust his administrative remedies regarding his claims against them. Thus, on this record, there is no genuine issue of material fact regarding Mr. Samuel's failure to exhaust his administrative remedies, and Defendants are entitled to judgment as a matter of law.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 21*) be GRANTED.

2. Mr. Samuel's excessive force claim be dismissed, without prejudice, based on his failure to fully exhaust his administrative remedies.

3. The Clerk be instructed to close this case.

---

[3] Mr. Samuel's defamation claim was dismissed for failure to state a plausible claim. See *Docs. 9 at 5-6* (RD); & *11* (Order adopting RD).

Dated 11 December 2023.

_____
UNITED STATES MAGISTRATE JUDGE